LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

Present: The Honorable  BEVERLY REID O'CONNELL, United States District Judge

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS)

**ORDER RE: PLAINTIFF'S
MOTION TO REMAND [16];
DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S FIRST
AND THIRD CAUSES OF ACTION [14];
DEFENDANT'S EX PARTE
APPLICATION FOR LEAVE [22]**

## I.   INTRODUCTION

Pending before the Court are two motions: (1) Defendant's Motion to Dismiss the First and Third Causes of Action of Plaintiff's Complaint, (Dkt. No. 14); and, (2) Plaintiff's Motion to Remand, (Dkt. No. 16). After consideration of the papers filed in support of and in opposition to the instant Motions, the Court deems these matters appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand, and **GRANTS in part** Defendant's Motion to Dismiss.

## II.   BACKGROUND

### A.   Factual Background

From approximately 2011 to 2014, Defendant Sunrise Senior Living Management, Inc. ("Defendant") employed Plaintiff Janee Johnson ("Plaintiff") as a concierge, care manager, and medication care manager in Los Angeles County. (Compl. ¶¶ 2–3.) According to Plaintiff, Defendant issues final wages to its employees through an "ATM

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 2 of 19 Page ID #:936

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

Card Pay Kit" that includes a pre-paid debit card and three blank checks. (Compl. ¶ 8.) Plaintiff claims that Defendant issues the ATM Card Pay Kit in Defendant's name rather than the employees' names, and that Defendant does not inform its employees of this procedure or provide an alternative form of payment for its employees' final paycheck. (Compl. ¶ 9.)

Plaintiff alleges that to use the ATM Card Pay Kit, Defendant required that Plaintiff agree to "onerous and unconscionable terms and conditions, including a purported waiver of liability and arbitration provision," in order to access her wages. (Compl. ¶ 10.) Plaintiff further maintains that, because the ATM Card Pay Kit is in Defendant's name, she could not immediately withdraw the entire amount of the wages from either the debit card or the blank checks. (Compl. ¶ 11.) Instead, Plaintiff claims that employees are limited to using an ATM for which there is an associated fee and a withdrawal cap of $300 per transaction. (Compl. ¶ 11.) Plaintiff additionally alleges that Defendant has refused to provide an itemized statement detailing the dates for which the payment is supposed to apply as well as the name and address of Defendant. (Compl. ¶ 12.)

According to Plaintiff, Defendant has subjected other employees to the same improper practices, resulting in monetary harm to each. (Compl. ¶¶ 13–14.) Consequently, Plaintiff filed the instant class action seeking to represent a class defined as: "All persons employed in California whose employment was separated for any reason (voluntary or involuntary), including without limitation, resignation, termination, and/or lay-off, from December 31, 2010 to the present and received their final wages in the form of an ATM Card Pay Kit." (Compl. ¶ 15.) Plaintiff's Complaint alleges four causes of action: (1) violation of California Labor Code sections 201 through 203; (2) violation of California Labor Code section 226; (3) civil penalties pursuant to California Labor Code section 2699 *et seq.* for violation of California Labor Code sections 201 through 203, 206, 206.5, 212 through 213, 226, and 432.5; and, (4) violation of California Business and Professions Code section 17200 *et seq.* (Compl. ¶¶ 25–50.)

### B. Procedural History

Plaintiff filed her Complaint in the Superior Court of California, County of Los Angeles, on December 31, 2014. (Dkt. No. 1-1.) Defendant first removed the action to

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

this Court on March 27, 2015, alleging this Court's jurisdiction under the Class Action Fairness Act of 2005 (or "CAFA"), 28 U.S.C. § 1332(d). (*Johnson v. Sunrise Senior Living Mgmt., Inc.*, Case No. 2:15-cv-02297-BRO-VBK (hereinafter, "Case No. 15-2297"), Dkt. No. 1.) On June 18, 2015, the Court granted Plaintiff's motion to remand, providing that "Defendant 'may once again attempt to remove this case to federal court' if it 'later discovers evidence that the jurisdictional bar is met.'" (Case No. 15-2297, Dkt. No. 34 at 15 (quoting *Garibay v. Archstone Cmtys. LLC*, 539 F. App'x 763, 765 (9th Cir. 2013)).)

On January 20, 2016, Defendant once again removed the case, claiming federal jurisdiction under CAFA. (Dkt. No. 1.) Defendant moved to dismiss Plaintiff's first and third causes of action on January 27, 2016. (Dkt. No. 14 (hereinafter, "MTD").) On February 5, 2016, Defendant filed a Supplement to its Notice of Removal "[i]n order to avoid any argument that [Defendant] has not raised [certain] evidence in a timely fashion." (Dkt. No. 15 at 4.) On February 8, 2016, Plaintiff filed a motion to remand, (Dkt. No. 16 (hereinafter, "Remand Mot.")), and her Opposition to Defendant's Motion to Dismiss, (Dkt. No. 17 (hereinafter, "MTD Opp'n")). Defendant opposed Plaintiff's Motion to Remand on February 12, 2016. (Dkt. No. 19 (hereinafter, "Remand Opp'n").) On February 22, 2016, Defendant filed a Reply in support of its Motion to Dismiss, (Dkt. No. 20 (hereinafter, "MTD Reply")), and Plaintiff filed a Reply in support of her Motion to Remand, (Dkt. No. 21 (hereinafter, "Remand Reply")).

### III. PLAINTIFF'S MOTION TO REMAND

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of a claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–102 (1998)). As such, the Court will first address whether it has subject matter jurisdiction over this case.

#### A. Legal Standard

Whether a defendant may rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization from Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979.) Under 28 U.S.C. § 1441,

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 4 of 19 Page ID #:938

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court action. Original jurisdiction may be established pursuant to CAFA. *See* 28 U.S.C. § 1332(d). Under CAFA, a federal district court has jurisdiction over a civil class action in which the class has minimum diversity and more than 100 members, and in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2).

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Id.* Where there is a doubt regarding the right to removal, "a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

A different standard applies for claims arising under CAFA, however, "which Congress enacted to facilitate the adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014); *accord Jordan v. Nationstar Mortg.*, 781 F.3d 1178, 1182–83 (9th Cir. 2015); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Instead, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart*, 135 S. Ct. at 554 (quoting S. Rep. No. 109–14, at 43).

To meet the amount-in-controversy requirement under CAFA, a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000. *See Ibarra*, 775 F.3d at 1197. All this requires is a "short and plain statement" of the grounds for removal. 28 U.S.C. 1446; *Dart*, 135 S. Ct. at 553–54. This language tracks that of Federal Rule of Civil Procedure 8(a), and courts have been instructed to apply this same liberal pleading standard in cases of removal involving CAFA. *See Dart*, 135. S. Ct. at 553. "The 'short and plain statement' language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy requirement." *Roa v. TS Staffing Servs., Inc.*, No. 2:14-cv-08424-ODW (MRW), 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015).

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 5 of 19 Page ID #:939

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

Where the amount in controversy is not contested, a defendant is not required to submit evidence establishing the amount, and the amount pleaded by the defendant should be generally accepted if made in good faith. *Dart*, 135. S. Ct. at 553. Where "the plaintiff contests, or the court questions, the defendant's allegation" in its notice of removal, however, further evidence establishing that the amount in controversy meets the jurisdictional threshold is required. *Id.* at 554. Thus, in considering Plaintiff's motion to remand, the Court must determine, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

### B.  Discussion

Plaintiff raises multiple arguments in support of her Motion to Remand. First, Plaintiff contends that Defendant improperly seeks to remove the case for a second time, based on information that should have been presented in opposing Plaintiff's first motion to remand. (Remand Mot. at 12–15.) Plaintiff further claims that Defendant once again fails to meet its burden to establish the amount in controversy. (Remand Mot. at 16–22.)

#### 1.  Defendant's Second Notice of Removal is Proper

Plaintiff argues that Defendant's second attempt at removal is an improper "second bite at the apple." (Remand Mot. at 12.) The Court disagrees.

This Court previously remanded this case and instructed that "Defendant could have satisfied [its] burden by submitting evidence of when employees accessed their final wages via the ATM Card Pay Kit." (Case No. 15-2297, Dkt. No. 34 at 14.) In its second Notice of Removal, Defendant explained that it did not have data regarding the number of employees who were charged any fees; rather, Defendant relies on a third-party, ADP, Inc. to administer Defendant's payroll. (Dkt. No. 1 ¶¶ 14, 15.) Money Network Financial, LLC ("Money Network"), a subsidiary of First Data Corporation ("FDC"), maintained the data Defendant needed to make proper amount-in-controversy calculations. (Dkt. No. 1 ¶ 16; *see* Decl. of Kathleen Cherwin in Supp. of Remand Opp'n ("Cherwin Remand Opp'n Decl.") ¶ 3.)

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 6 of 19 Page ID #:940

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

Any suggestion by Plaintiff that Defendant should have subpoenaed the documents from Money Network[1] in connection with Defendant's first removal would be unreasonable; when Defendant initially removed the case, discovery had not commenced in the state court action. (Remand Opp'n at 12; *see* Dkt. Nos. 1–3; *see also* Decl. of Michele L. Maryott in Supp. of Remand Opp'n ("Maryott Remand Opp'n Decl.") ¶ 7.) The Court accordingly finds that Defendant did not base its second removal on facts available to Defendant at the time of Defendant's first removal.

Moreover, where a defendant alleges CAFA jurisdiction, as Defendant does here, "as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014). This is because "CAFA explicitly allows review of remand orders 'notwithstanding section 1447(d)[.]'" *Id.* at 1238 (quoting 28 U.S.C. § 1453(c)(1)).

## 2. Defendant has Provided Sufficient Evidence to Support Removal and to Establish this Court's Subject Matter Jurisdiction Over this Case

Defendant's Notice of Removal claims that Plaintiff's allegations place over $5 million in controversy, and calculates that: (1) the total amount in controversy with respect to Plaintiff's waiting time claim is $6,620,985.41; (2) the amount in controversy with respect to Plaintiff's second cause of action is approximately $110,850; (3) Plaintiff's PAGA cause of action places an additional $1,224,900 in controversy; and, (4) Plaintiff's request for attorneys' fees add $1,989,183.85 to the amount in controversy. (Dkt. No. 1.)

### i. Plaintiff's Objections to Defendant's Evidence

Plaintiff does not submit evidence that either controverts Defendant's evidence or refutes Defendant's calculations; rather, Plaintiff argues that Defendant's evidence is

---

[1] Defendant subpoenaed FDC. (Maryott Remand Opp'n Decl. ¶ 4, Ex. A.) FDC objected to Defendant's subpoena "because Money Network is the entity to whom the Subpoena should [have been] addressed." (*Id.*)

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 7 of 19 Page ID #:941

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

inadmissible pursuant to the Federal Rules of Evidence.[2] Plaintiff objects to the Ward Declaration "on the grounds that it contains factual evidence that lacks foundation and authenticity; is based on hearsay; fails to attach or otherwise provide materials relied upon; fails to establish a basis for use of his methods; and fails to reliably apply his method." (Dkt. No. 16-2 at 2.) In ruling on a motion to remand, courts "may 'view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists,' including summary judgment-type evidence." *Cardroom Int'l LLC v. Scheinberg*, No. 12–02870 MMM (AGRx), 2012 WL 2263330, at *4 n.12 (C.D. Cal. June 18, 2012) (quoting *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993)). Plaintiff provides the Court with no authority—nor does this Court find any—to equate the "summary judgment-*type* evidence" discussed by courts in connection with motions to remand, with evidence actually admissible at trial (or at the summary judgment stage) pursuant to the Federal Rules of Evidence. The Supreme Court has explained that "when a defendant's assertion of the amount in controversy is challenged," "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 135 S. Ct. 547, 554 (2014). As such, the Court **OVERRULES** Plaintiff's objections. The Court accordingly **DENIES as moot** Defendant's Ex Parte Application for Leave to File Certificate of Authenticity of Business Records. (*See* Dkt. No. 22.)

### ii. The Amount in Controversy Regarding Plaintiff's First Cause of Action Alone Exceeds $5,000,000

Once again, "[t]he primary dispute between the parties concerns the amount placed in controversy by Plaintiff's allegations regarding waiting time penalties under California Labor Code section 203." (Case No. 15-2297, Dkt. No. 34 at 9.) Plaintiff's first cause of action against Defendant seeks to recover statutory waiting time penalties pursuant to California Labor Code sections 201 through 203, on behalf of herself and putative class

---

[2] Plaintiff also claims that Defendant's calculations are speculative because they are "all over the map." (Remand Reply at 11.) This argument is unpersuasive because Plaintiff relies on evidence and arguments made in connection with Defendant's first removal and opposition to Plaintiff's motion to remand. (*See* Case No. 15-2297.) Since the first removal and motion to remand in this matter, Defendant has engaged in discovery and gathered evidence to support the instant removal. Defendant's Opposition adequately explains why its various "inconsistent" calculations are not actually inconsistent. (Remand Opp'n at 15–19.)

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 8 of 19 Page ID #:942

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

members. (Compl. ¶¶ 25–28.) Section 203 "mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (Cal. Ct. App. 1998). "Thus, the critical computation required by section 203 is the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days." *Id.*

This Court previously found that Defendant "failed to justify applying the full thirty-day penalty period to Plaintiff's waiting time penalty claim." (Case No. 15-2297, Dkt. No. 34 at 14–15.) The Court observed that "Defendant could have satisfied this burden by submitting evidence of when employees accessed their final wages via the ATM Card Pay Kit." (*Id.* at 14.) Defendant claims that when it "initially removed this case, it was not in possession of—nor did it even have access to—any evidence regarding the number of employees who incurred fees in connection with the ATM Card Pay Kit." (Remand Opp'n at 11 (citing Cherwin Remand Opp'n Decl. ¶ 3).) After the Court granted Plaintiff's first motion to remand, Defendant subpoenaed third-party Money Network[3] for data associated with the ATM Card Pay Kits. (Maryott Remand Opp'n Decl. ¶ 4, Ex. A.) Money Network produced the data Defendant sought, pursuant to a protective order. (Maryott Remand Opp'n Decl. ¶ 4.) Defendant calculated the amount in controversy using the data produced by Money Network; Defendant subsequently provided the data to Plaintiff. (Maryott Remand Opp'n Decl. ¶¶ 4, 5, 6, Exs. A, B, C, D.)

Defendant calculated an amount in controversy with regard to Plaintiff's waiting time penalties—based on the data obtained from Money Network—that, on its own, exceeds $5 million. (Dkt. No. 1 ¶¶ 34–39.) Defendant calculated[4] an aggregate potential waiting time penalty of approximately $5,256,419.26 with respect to 1,999 employees whose employment terminated and received their final wages via an ATM Card Pay Kit between December 31, 2011, and December 1, 2014, who incurred fees while using the

---

[3] "Money Network . . . provides electronic payment processing, customer service, and other related services in connection with ADP TotalPay Service." (Maryott Remand Opp'n Decl. ¶ 4, Ex. A.)

[4] Defendant determined, based on the data provided by Money Network, the number of employees who received their final wages via an ATM Card Pay Kit, when those employees received the Kit, and who incurred fees associated with their use of the Kit. (Dkt. No. 1 ¶ 34.) Defendant calculated waiting time penalties for each employee terminated on or before December 1, 2014, by: (1) multiplying the employee's hourly rate by his or her average daily hours to determine the employee's daily wage; and, (2) multiplying the daily wage by 30 days. (Dkt. No. 1 ¶ 35.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

ATM Card Pay Kit. (Decl. of Michael P. Ward, Ph.D. in Supp. of Remand Opp'n ("Ward Remand Opp'n Decl.") ¶ 8.) This amount, which exceeds $5 million, does not include the seventy-two employees for whom final pay rate and/or timekeeping data were not available. (Ward Remand Opp'n Decl. ¶¶ 10, 11 (estimating an additional $172,066.18 in controversy).) Nor does the amount include the additional fifty-nine employees who received their final wages via an ATM Card Pay Kit in a later period—between December 2, 2014, and December 31, 2014[5]—who incurred fees while using the ATM Card Pay Kit. (Ward Remand Opp'n Decl. ¶ 9 (calculating an additional $80,311.87 in controversy).) The Court finds that Defendant properly relied on data provided by third-party Money Network, and appropriately calculated the potential waiting time penalties under California Labor Code section 203. (Ward Remand Opp'n Decl. ¶¶ 8–11.)

### iii. The Potential Attorneys' Fees in Connection With Plaintiff's First Cause of Action Further Support CAFA Jurisdiction Here

Moreover, attorneys' fees are properly included in calculations of the amount in controversy where California Labor Code section 218.5 authorizes an award of attorneys' fees.[6] *See Galt v. Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); Cal. Lab. Code § 218.5 ("In any action brought for the nonpayment of wages, . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."). (*See*

---

[5] Defendant calculated "partial penalties" for employees terminated between December 2, 2014, and December 31, 2014. (Dkt. No. 1 ¶ 36 ("These employees would not be entitled to the full 30-day penalty because the instant action was commenced less than 30 days after their employment terminated.").) Defendant's calculations are not "speculative," as Plaintiff suggests. (Remand Mot. at 20.) The calculations are based on reasonable assumptions that Defendant made based on the evidence obtained, as well as Plaintiff's own allegations.

[6] Neither Plaintiff's Motion to Remand nor her Reply addresses or refutes Defendant's calculation and inclusion of attorneys' fees in the amount in controversy. (*See generally* Remand Mot.; Remand Reply; *see also* Remand Opp'n at 20–21 (arguing that Plaintiff's failure to contest the attorneys' fees calculation is a waiver of any argument against the inclusion of $1,989,183.85 in fees).)

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 10 of 19 Page ID #:944

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-00443-BRO (RAOx)** | Date | March 8, 2016 |
|---|---|---|---|
| Title | **JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL** | | |

*also* Compl. ¶ 28 (seeking recovery of attorneys' fees pursuant to California Labor Code section 218.5).) Twenty-five percent recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

If Defendant can establish by a preponderance of the evidence that the waiting time penalties are at least $4 million dollars, the addition of twenty-five percent in attorneys' fees would necessarily meet the $5 million amount in controversy requirement under CAFA. *See Garibay*, 539 F. App'x at 764 ("Although [defendant] correctly notes that 25% recovery is the 'benchmark' level for reasonable attorney's fees in class action cases, and that such fees are properly included in calculations of the amount in controversy, [defendant] has not established by a preponderance of the evidence that the underlying amount upon which those fees would be based is at least $4 million, as would be required to meet the $5 million minimum." (internal citations omitted)). Because the waiting time penalties alone exceed $5 million here, the additional twenty-five percent in attorneys' fees further supports this Court's finding that Defendant has met its burden to demonstrate the amount-in-controversy requirement by a preponderance of the evidence for CAFA jurisdiction in this case.

There is thus "substantial, plausible evidence that damages at issue exceed[] $5,000,000, and no evidence at all to the contrary." *Rea*, 742 F.3d at 1239 (holding that the district court's conclusion that the defendant failed to prove the amount-in-controversy requirement was clearly erroneous). As such, the Court **DENIES** Plaintiff's Motion to Remand.[7]

---

[7] Because the Court finds that the amount in controversy requirement is met with respect to Plaintiff's first cause of action alone, the Court need not address Plaintiff's additional arguments regarding: (1) Defendant's inclusion of PAGA penalties; or, (2) Defendant's reliance on information it learned during mediation. (*See* Remand Mot. at 21–24.) The Court accordingly **OVERRULES as moot** Plaintiff's objections to paragraph 3 of the Maryott Declaration referring to an expert report provided by Plaintiff to Defendant at the mediation. (*See* Dkt. No. 21-2 at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

**IV. DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AND THIRD CAUSES OF ACTION**

The Court now turns to Defendant's Motion to Dismiss, which seeks dismissal of Plaintiff's first and third causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). (MTD at 6.)

**A. Legal Standard**

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). But leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 12 of 19 Page ID #:946

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

### B. The Court Grants Defendant's Request for Judicial Notice in Support of its Motion to Dismiss

When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one "not subject to reasonable dispute in that it (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

In support of its motion to dismiss, Defendant has requested that the Court take judicial notice of two opinion letters issued by the California Division of Labor Standards Enforcement ("DLSE"). (*See* Dkt. No. 14-1 (hereinafter "RJN"), Exs. A, B.) As records of a state administrative agency, these opinion letters are properly the subject of judicial notice. *See Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 959 (9th Cir. 2013) (taking judicial notice of several California Division of Labor Standards Enforcement opinion letters); *Louis v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (taking judicial notice of opinion letters issued by federal and state regulatory agencies). The Court thus **GRANTS** Defendant's request for judicial notice of these documents.

### C. Discussion

Defendant moves to dismiss Plaintiff's first cause of action, alleging violation of California Labor Code sections 201 and 202, as well as Plaintiff's third cause of action for violation of California's PAGA. (MTD at 6.) The Court will discuss each claim separately.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

**1. Plaintiff's First Cause of Action Fails to State a Plausible Claim Pursuant to California Labor Code Sections 201 and 202**

As discussed in connection with the Motion to Remand, Plaintiff's first cause of action seeks the payment of waiting time penalties under Labor Code section 203 for Defendant's alleged violations of sections 201 and 202. Under Labor Code sections 201 and 202, an employer is subject to a penalty for all unpaid wages that are not paid immediately upon termination or within 72 hours of resignation. Cal. Lab. Code §§ 201, 202; *see also* Cal. Lab. Code § 203. Plaintiff challenges Defendant's use of the ATM Card Pay Kit to distribute final wages to its employees. (Compl. ¶¶ 25–28.)

Plaintiff's Complaint alleges that the ATM Card Pay Kit violates Labor Code sections 201 and 202 because the ATM Card Pay Kit: (1) "contained a lengthy[] user agreement in small font that was and is confusing to the average individual and among other things purported to required [sic] Plaintiff . . . to waive any all [sic] legal claims associated with using the ATM Card Pay Kit"; and, (2) "required Plaintiff . . . to incur fees to use, was not fully cashable, was not usable at all financial institutions, and did not allow employees to access all of the monies contained on such cards without significant effort." (Compl. ¶ 27.) According to Plaintiff, Defendant did not provide any employee with an alternative to this form of payment. (*Id.*) As a result, Plaintiff maintains that Defendant did not provide Plaintiff with her final wages as required pursuant to California Labor Code sections 201 and 202. (Compl. ¶¶ 27, 28.)

Defendant argues in its Motion to Dismiss that Plaintiff's first cause of action is predicated upon violations of California Labor Code sections 206, 206.5, 212, 213, and 432.5. (*See* MTD at 8.) This is because Plaintiff's allegations in support of her first cause of action parallel Plaintiff's assertions made in connection with her section 206, 206.5, 432.5,[8] 212, and 213[9] claims pleaded in Plaintiff's third cause of action. (*See id.*)

---

[8] Plaintiff's third cause of action alleges that "Defendant violated California Labor Code §§ 206, 206.5 and 432.5 by requiring Plaintiff and the other Aggrieved Employees to agree to onerous, unconscionable, and otherwise unlawful terms and conditions to receive their final wages." (Compl. ¶ 38. *Cf.* Compl. ¶ 27 (describing that the ATM Card Pay Kit "contained a lengthy[] user agreement in small font that was and is confusing to the average individual and among other things purported to required [sic] Plaintiff and the other putative class members to waive any all [sic] legal claims associated with using the ATM Card Pay Kit").)

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

In Plaintiff's Opposition, she contends that "Defendant's argument mischaracterizes Plaintiff's complaint" because the first cause of action "makes no mention of those statutes." (MTD Opp'n at 7.) Plaintiff explains that she "alleges that both the timing and manner of payment through the ATM Card Pay Kit violates California Labor Code §§ 201-202." (*Id.* at 8 (emphasis omitted).) Plaintiff further elaborates that Defendant violated sections 201 and 202 by not "immediately" and "unconditionally" paying employees all wages due upon termination of employment. (MTD Opp'n at 8.)

Plaintiff does not and cannot dispute that Defendant provided her with the ATM Card Pay Kit "immediately" upon termination. (*See* Compl. ¶ 8 (alleging that "[u]pon the conclusion of employment, Defendant provides employees with an 'ATM Card Pay Kit'").) Rather, Plaintiff contends that she could not immediately "access" all of her final wages. (MTD Opp'n at 8, 11.) The Court finds that Plaintiff's allegations regarding access are implausible based on Plaintiff's own Complaint, as well as the ATM Card Pay Kit, incorporated by reference.[10]

---

[9] Plaintiff's Complaint asserts Defendant violated section 212 and 213 because the ATM Pay Card Kit "is not negotiable and payable in cash, on demand, without discount, at the time of issuance," "Defendant failed to obtain Plaintiff's consent or authorization for payment in this manner," and Defendant "failed to provide Plaintiff any alternative (i.e., the option of simply receiving a regular check instead)." (Compl. ¶ 37.) In the same paragraph, Plaintiff claims that "Defendant violated California Labor Code §§ 201-203, 212, and 213(d)" because Defendant issued employees payment of final wages "in the form of an ATM card without [employees'] consent, which required Defendant's employees to incur fees to use, was not fully cashable, not usable at all financial institutions, and was not able to be cashed on demand at the time of its issuance." (*Id.*) This language is similar to Plaintiff's first cause of action. (*See* Compl. ¶ 27 (alleging violation of sections 201 and 202 in part because the ATM Card Pay Kit required employees "to incur fees to use, was not fully cashable, was not usable at all financial institutions, and did not allow employees to access all of the monies contained on such cards without significant effort" and because "Defendant did not provide Plaintiff . . . with an alternative to this form of payment").)

[10] Plaintiff objects to the sample ADP pay kit, provided by Defendant in connection with its Motion to Dismiss, as inadmissible hearsay. (MTD Opp'n at 10.) Plaintiff makes express reference to the ATM Card Pay Kit and its contents in her Complaint. (*See, e.g.*, Compl. ¶ 8.) The Ninth Circuit has explained that a "district court may, but is not required to incorporate documents by reference." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159–60 (9th Cir. 2012) (citing cases). "Specifically, courts may take into account 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Id.* (quoting *Knievel v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

The DLSE, in connection with California Labor Code sections 212 and 213, noted that "the statute neither prescribes nor addresses the manner for making the payment instrument." (RJN, Ex. A at 4.) The DLSE further explained:

> The Money Network Check is an instrument made negotiable by the employee obtaining an authorization (issuer and transaction numbers) from Money Network's customer service for an amount up to the full wage amount due. The funds previously deposited with the FDIC-insured bank are funds fully available and accessible to employees on the scheduled payday and the employer has no claims to any deposited payroll funds. The requirement of the program that the employee contact Money Network for authorization for the amount sought to be cashed protects both the employee and employer by ensuring that the proper wage amount is paid to the appropriate employee at the proper time for the applicable pay period.
>
> The fact that the employee has a role in finalizing the instrument is no more burdensome than having to appear at a place to obtain one's paycheck or provide identification verification to an employer or payroll service in order to receive wages in person.

(*Id.*) In connection with payroll debit cards and paycards, the DLSE—once again discussing California Labor Code sections 212 and 213, not section 203—reviewed payroll card programs "described as providing for at least *one transaction per pay period without fee*":

---

*ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)) (alteration in original). "A court 'may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Although Plaintiff objects to the document on hearsay grounds, Plaintiff offers nothing to suggest the document lacks authenticity—in other words, that the sample ADP pay kit is not in fact the ATM Card Pay Kit referenced throughout Plaintiff's Complaint. The Court, in its discretion, incorporates the ATM Card Pay Kit by reference. (*See also* Case No. 15-2297, Dkt. No. 34 at 14 n.6 ("As Plaintiff incorporates these checks by reference by referring to them throughout the Complaint, the Court may consider them in evaluating Defendant's motion to dismiss without converting it into a motion for summary judgment.").)

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 16 of 19 Page ID #:950

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

> By providing one free transaction, the payroll card programs effectively provide for immediate and free access to any employee's wages in full. The fact that there are other options for employees to choose such as to withdraw a lesser amount does not render the use of a payroll card violative of the employee's right to full and prompt payment of wages. There is a prompt means for an employee to withdraw their full wages as cash on the established pay day . . . . The employee thus has access to his full wages on the scheduled pay day and thus, the payroll card programs as described to the DLSE do not violate the above stated wage payment provisions.

(RJN, Ex. B at 8–9.) As the DLSE opinion letters suggest, Plaintiff's Complaint does not plausibly allege a violation of section 203 because Defendant provided at least one free transaction, "effectively provid[ing] for immediate and free access to any employee's wages in full." (*See* RJN, Ex. B. at 9.)

Plaintiff alleges that "employees are limited to using an ATM for which there is an associated fee." (Compl. ¶ 11; *see also* Compl. ¶ 14.) First, the ATM Card Pay Kit provides that ATM withdrawals from "U.S. In-Network ATMs including Allpoint ATMs" are free of charge. (Decl. of Tamara Berry in Supp. of MTD ("Berry Decl.") ¶ 5, Ex. A at 3.) Second, Plaintiff's Complaint indicates that the ATM Card Pay Kit not only included a pre-paid debit card, but three blank checks. (Compl. ¶ 8.) The checks provided by Defendant are indeed blank and state clearly in bold font on the front: "Payable without fee or discount at any Walmart location." (Berry Decl. ¶ 5, Ex. A at 7.)

Plaintiff urges the Court to consider the fact that she "may have had the same problem at Walmart that she had at Chase bank – a refusal to honor anything in the kit because it was not issued in [Plaintiff's] name" and claims that "[m]any other things are possible." (MTD Opp'n at 10.) However, the Court need "not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, Federal Practice & Procedure § 1363 (3d ed. 2004). Moreover, as this Court indicated in its previous Order granting Plaintiff's first motion to remand, Plaintiff herself acknowledged that "'it is entirely possible that some employee used the check,' which would have enabled that person immediately to receive his or her full wages." (Case No. 15-2297, Dkt. No. 34 at 14 (quoting Plaintiff's reply in support of her first motion to

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 17 of 19 Page ID #:951

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

remand).) As discussed above, Plaintiff must state a plausible claim for relief, which means there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Additionally, the doctrine of judicial estoppel prevents Plaintiff from now arguing that Defendant violated sections 201 through 203 because "Defendant's payment of final wages also was not 'unconditional'" where Defendant imposed unlawful conditions. (*See* MTD Opp'n at 11.) *See also Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position. . . ." (quoting New Hampshire v. Maine, 532 U.S. 742, 749 (2001))). In connection with Plaintiff's first motion to remand, which this Court granted, (*see* Dkt. No. 34 at 12–13), Plaintiff argued that the Complaint "does not support a 100% violation assumption":

> While Plaintiff does claim that Defendant's conditional payment of wages violates other sections of the California Labor Code, this allegation does not affect the Section 203 waiting time penalty. Indeed, even though there were unlawful conditions imposed (which give rise to Plaintiff's other claims for civil penalties under the Private Attorneys General Act ("PAGA") in her third cause of action), an employee could still receive all of their pay for purposes of Section 203 (first cause of action).

(Case No. 15-2297, Dkt. No. 27 at 5–6.) Plaintiff's argument in opposition to the instant Motion to Dismiss directly contradicts an earlier contention made to this Court. As such, Plaintiff is estopped from claiming that Defendant's "conditional" payment of wages violates section 203.

Because Plaintiff's first cause of action fails to state a plausible claim for relief, the Court **DISMISSES** Plaintiff's section 203 claim **with leave to amend**.[11]

---

[11] At this point in time, it is not clear to the Court that Plaintiff's first cause of action could not be saved by any amendment. *See Manzarek*, 519 F.3d at 1031. Plaintiff should not, however, take this as an invitation to re-plead the same, implausible claim.

Case 2:16-cv-00443-BRO-RAO Document 25 Filed 03/08/16 Page 18 of 19 Page ID #:952

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

**2. Plaintiff Adequately States a Claim Under PAGA Where Her PAGA Claim Relies on Her Second Cause of Action Pursuant to California Labor Code Section 226**

Plaintiff's third cause of action is a derivative claim for penalties under California's PAGA and rests on violations of Labor Code sections 201 through 203, 206, 206.5, 212, 213(d), 226, and 432.5. (Compl. ¶¶ 34–31.) Although Defendant argues that the Court must dismiss Plaintiff's PAGA cause of action because "Plaintiff has failed to plausibly allege a violation of" "California Labor Code Sections 201-203, 206, 206.5, 212-213, and 432.5," (MTD at 18), Defendant notably fails to address Plaintiff's allegations against Defendant under California Labor Code section 226, upon which Plaintiff's PAGA claim also relies, (*see* Compl. ¶¶ 39, 41). Nor does Defendant move to dismiss Plaintiff's second cause of action asserting Defendant violated section 226. (*See generally* MTD; MTD Reply; *see also* Compl. ¶¶ 29–33.) Because Plaintiff's claim under section 226 survives dismissal, the Court accordingly **DENIES** Defendant's Motion to Dismiss Plaintiff's PAGA cause of action on this ground. *See* Cal. Lab. Code § 2699(a) (providing alternative for aggrieved employees to recover civil penalties under "any provision of this code").

Defendant also contends that the Court should dismiss Plaintiff's PAGA claim for failure to comply with PAGA's notice requirements. (MTD at 18–20.) The Court finds, however, that the 33-day waiting period has now passed, and Plaintiff's failure to exhaust is no longer an issue. Pursuant to *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 382–83 (Cal. Ct. App. 2005), a plaintiff must plead compliance with section 2699.3 to proceed on a PAGA claim. But *Caliber* expressly contemplates the possibility of curing a failure to allege compliance by seeking leave to amend. *Id.* at 383 n.18 ("[P]laintiffs certainly may follow the administrative procedures in section 2699.3, subdivision (a), and, should the LWDA choose not to investigate or cite Caliber based on the alleged violations, then request leave to amend the first amended complaint to seek civil penalties."). As a result, district courts in California routinely find section 2699.3's requirements satisfied where a plaintiff first files suit, later files the required notice, and then amends the pleadings to allege compliance. *See, e.g.*, *Hoang v. Vinh Phat Supermarket, Inc.*, No. CV 13-00724 WBS, 2013 WL 4095042, at *8 (E.D. Cal. Aug. 13, 2013) ("[T]he court finds that plaintiffs have cured the defects in their conformance with section 2699.3's requirements by complying with the notice requirements listed therein,

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00443-BRO (RAOx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | JANEE JOHNSON V. SUNRISE SENIOR LIVING MANAGEMENT, INC. ET AL | | |

waiting thirty-three days without any notice from the LWDA that it intended to investigate the alleged violations or from Vinh Phat that it intended to cure, and then amending the Complaint to reallege their PAGA claim."). Courts also grant leave to amend to permit plaintiffs to allege compliance when their first pleading fails to do so. *See, e.g.*, *Stagner v. Luxottica Retail N. Am., Inc.*, No. CV 11-02889 CW, 2011 WL 3667502, at *7 (N.D. Cal. Aug. 22, 2011) ("In any amended complaint, to satisfy the PAGA's requirements, Plaintiff must plead that the thirty-three day deadline passed without any notice from the LWDA."); *Kamar v. RadioShack Corp.*, No. CV 07-02252 AHM, 2008 WL 2229166, at *15 (C.D. Cal. May 15, 2008) ("Plaintiffs may seek to amend their complaint to plead compliance with the Private Attorneys General Act's pre-filing notice and exhaustion requirements."). As such, the Court **DISMISSES** Plaintiff's PAGA claim **with leave to amend**.

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and **DENIES as moot** Defendant's Ex Parte Application for Leave to File Certificate of Authenticity of Business Records. The Court **GRANTS in part** Defendant's Motion to Dismiss. The Court **DISMISSES** Plaintiff's first and third causes of action **with leave to amend**. Plaintiff shall file a first amended complaint, if she chooses, **on or before Friday, March 18, 2016**.

**IT IS SO ORDERED.**

:

Initials of Preparer     rf